UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No: 20-10131-PBS |
| LUIS ALFREDO BAEZ, ) | |
| Defendant. ) | |

**GOVERNMENT'S SENTENCING MEMO**

The United States submits this Sentencing Memorandum in the above-captioned case, currently scheduled for sentencing on February 10, 2021. Baez is a drug dealer, plain and simple. The Government believes that a sentence of 24 months' imprisonment, the statutory maximum, is the appropriate sentence in this matter. Following the completion of this sentence, the Government requests that the defendant be placed on supervised release for a period of 12 months and be ordered to pay a special assessment of $100.

### I. *PROCEDURAL HISTORY*

On June 22, 2020, Luis Alfredo Baez ("Baez") was encountered by ICE following the completion of a state sentence and placed into ICE Administrative custody. On July 15, 2020, Baez was charged by Indictment with illegal reentry, and on July 15, 2020, Baez appeared before MJ Boal and stipulated to voluntary detention. On November 18, 2020, Baez pled guilty, without a plea agreement, to illegal reentry in violation of 8 USC § 1326(a).

## II. **FACTS**

The facts, as stated in the Pre-Sentence Report ("PSR"), are uncontested.

Baez is a native of the Dominican Republic, born there in 1965. According to the A-file, Baez was first encountered by ICE in June 2006 following an arrest by the Boston Police for drug distribution. Prior to a final adjudication of that matter, Baez was placed into removal proceedings and on July 7, 2006, he was deported to the DR. At the time of his removal, his fingerprints and his photograph were obtained and affixed on a Warrant of Removal.

Sometime after this removal, Baez illegally reentered the United States. In 2009, Baez was encountered in Rhode Island following an arrest on motor vehicle charges. At that time, Baez had outstanding warrants in Boston and was turned over to the Boston Police Department on those warrants. At some point he was released, and this case again went into default.

On November 15, 2011, Baez was encountered at Logan Airport in a waiting area. Baez was interviewed and stated that he was illegally in the United States and that he had been previously deported. Baez's record was run, and it was determined that he had a series of outstanding warrants in both Suffolk and Essex Counties for drug distribution.

According to his BOP on November 21, 2012, Baez was

2

convicted in the Suffolk Superior Court with drug distribution and sentenced to a term of 5-5- and 1-days' imprisonment.

On November 22, 2013, while serving the above sentence, Baez was convicted in the Essex Superior Court for drug distribution and sentenced to a term of imprisonment of 10-12 years. In June 2020, upon completion of this sentence, he was turned over to ICE.

### III. *GUIDELINE ANALYSIS*

The guidelines as determined by US Probation in the PSR dated February 3, 2020 are uncontested by the parties.

**PART A. Offense Level Computation**
**¶ 18 Base Offense Level**

The Government agrees with Probation's conclusions that the Base Offense Level is eight.

**¶ 19 Specific Offense Characteristics**

The Government agrees with Probation's conclusion that the Base Offense Level is increased by 10-levels because *before* Baez was ordered removed, he engaged in criminal conduct that resulted in a conviction for a felony offense for which the sentence imposed was five years or more (PSR ¶ 31).

**¶ 20 Specific Offense Characteristics**

The Government agrees with Probation's conclusion that the Base Offense Level is increased by an additional 10-levels because *after* Baez was removed, he engaged in criminal conduct

that resulted in a conviction for a felony offense for which the sentence imposed was five years or more (PSR ¶ 32).

**¶ 24 Adjusted Offense Level:**

The Government agrees with Probation's conclusions that the Adjusted Offense Level is 28.

**¶ 28 Total Offense Level:**

The Government agrees with Probation's conclusions that with prompt acceptance of responsibility, the Total Offense Level is 25.

**PART B. The Defendant's Criminal History**

**¶ 28 Criminal History Computation:**

The Government agrees with Probation's conclusions that the defendant's total criminal history score is nine, which establishes a criminal history category of IV.

**PART D. Sentencing Options**

**¶ 74 Guideline Provisions:**

The Government further agrees with Probation that, based on a Total Offense Level of 25 and a criminal history category of IV, the defendant's guideline imprisonment range is 84-106 months' imprisonment. Further, that the authorized statutory maximum is 24 months and one year of supervised release.

**IV.** *SENTENCING RECOMMENDATION*

18 U.S.C. § 3553(a) requires a sentencing court to consider specific enumerated factors when determining an appropriate

sentence. These factors include: 1) the nature and circumstances of the offense and the history and characteristics of the defendant and 2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide for the needs of the defendant.

For the reasons detailed below, the Government believes that a sentence of 24 months' imprisonment is fair and just and takes into account the factors enumerated in 18 U.S.C. § 3553(a).

Baez, age 55, is a citizen and national of the Dominican Republic and does not have legal standing to be in the United States. Baez has an extensive history of criminal arrests and convictions as outlined in the uncontested Presentence Report prepared by US Probation. These include recent convictions of:

- 2006 Distribution of Heroin – 5 years committed (¶31);
- 2009 Identity Fraud – 3 years suspended sentence (¶31a);
- 2011 Trafficking in Heroin – 10-12 years committed (¶32).

The PSR also notes other unadjudicated arrests to include:

- 1995 Criminal Sale on narcotics (NY);
- 2005 Trafficking in Heroin (MA).

Baez who was initially deported in July 2006 prior to adjudication of his initial drug distribution charge (¶ 31),

5

brazenly returned to the United States, knowing this original case to be open, and again engaged in criminal behavior. In 2009, Baez was arrested using an alias and possessing a social security number of a US citizen, in an attempt to obtain a Rhode Island Driver's License. Following the adjudication of that matter, Baez was released to an outstanding Suffolk County (MA) warrant, appeared in State Court, was released, and again went into default!

In 2011, while under default, Baez was arrested in Lynn on drug distribution charges, and again defaulted Court. Baez remained at large until 2013 and then ordered detained on all matters until final adjudication.

It is clear from his criminal record and history of arrests that Baez is a drug dealer and unwilling to conform his behavior to acceptable societal norms. During his time in the United States, Baez has utilized ten different names and five or more social security numbers and or dates of birth in an attempt to evade arrest or take responsibility for his criminal behavior.

Baez has not proffered any history of legal work or steady employment, other than drug dealing.

It is anticipated that, upon completion of any sentence imposed by this Court, Baez will again be placed into removal proceedings and be deported to his native country.


## V. CONCLUSION

Luis Alfredo Baez, a convicted felon, has disregarded the immigration and criminal laws of the United States. This cannot continue. Baez's sentence, while severe, is dictated by his own actions and decisions, and it is necessary to protect the public and to deter similar conduct from others. A sentence of "time-served" will serve little or no impact on Baez.  The Government further requests that this Court impose a period of one-year of supervised to add as an additional incentive should Baez again ignore the laws of this country and return.

This is a just and appropriate sentence as dictated by the circumstances of this case and Baez's criminal history, and it sends a clear message that this type of behavior will not be accepted.

Respectfully submitted,

ANDREW E. LELLING
United States Attorney

By: ***/s/ Kenneth G. Shine***
KENNETH G. SHINE
Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

***/s/ Kenneth G. Shine***
KENNETH G. SHINE